PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Compton, S.J.

JACK ENIC CLARK                        OPINION BY
                             SENIOR JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 002605                September 14, 2001

COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA


     The sole question in this criminal appeal is whether the

circuit court erred in denying a defendant's motion "requiring

an independent medical examination of the complaining witness"

in a statutory rape case.

     Defendant Jack Enic Clark was indicted in September 1996 in

the Circuit Court of Fairfax County for three felonies:

Forcible sodomy (fellatio) with a child under the age of 13

years, committed on February 2, 1996 and March 15, 1996, in

violation of Code § 18.2-67.1(A); and statutory rape of the same

child when she was 13 years of age, committed on April 5, 1996,

in violation of Code § 18.2-63.

     Upon defendant's not guilty pleas, a jury found him guilty

of the February sodomy charge and of the statutory rape charge,

the trial court having granted defendant's motion to strike the

Commonwealth's evidence on the March sodomy charge.  Later, the

trial court sentenced defendant to confinement for eight years

on the sodomy conviction and for eight years, with six suspended, on the statutory rape conviction.

Prior to trial, defendant moved the court to require the victim of the offenses to submit to an "independent medical examination" of her sexual anatomy. During a hearing on the motion, defendant argued that "[t]he Virginia Constitution . . . does give the Defendant his due process rights to present evidence in his own defense." Continuing, defendant mentioned "the uniqueness of a sexual assault case," and contended he had "due process rights . . . to have physical evidence that [he] may obtain through an independent physical examination to rebut any physical evidence that the Commonwealth would seek to introduce at the trial."

The trial court denied the motion, as well as a similar motion made post-trial. The judge determined that "it is beyond the authority of the court" to order the examination and that such action would be "highly intrusive" upon the victim.

Upon appeal of the convictions, a panel of the Court of Appeals of Virginia, in a November 1999 opinion, reversed the convictions. The court ruled that the trial court erred in deciding it lacked authority to order the examination, and remanded the cases for further proceedings.

Subsequently, the Court of Appeals granted a rehearing en banc. Upon rehearing, the judgment of the trial court was

affirmed without opinion by an evenly divided court, and the opinion previously rendered by the panel was withdrawn.  Clark v. Commonwealth, 33 Va. App. 536, 535 S.E.2d 181 (2000).  We awarded defendant an appeal from the Court of Appeals' judgment.

In this appeal, defendant argues "that the trial court's denial of the various motions for an independent medical examination was erroneous and seriously undermined Mr. Clark's ability to fully defend himself."  Relying on cases from other jurisdictions, he contends that the due process rights of a Virginia defendant "should include the right to compel the physical examination" of the victim in a statutory rape case.

He says that in sexual assault cases, the victim's body "may be a significant reliable source of exculpatory or inculpatory evidence."  Continuing, he argues that "[w]hen such evidence may be material, and likely exculpatory, a trial court, by way of a protective order delineating the appropriate protective conditions, must require the examination of the complainant by a properly qualified medical doctor."

The defendant, who testified he did not engage in sexual intercourse with the victim, asserts that the Commonwealth's case "boiled down" to the testimony of the victim "and the purported medical testimony" of a sexual assault nurse examiner. That witness was a registered nurse who examined the victim at the Fairfax Hospital 13 days after the rape and who qualified at

trial as an expert "in the field of sexual assault examination." Her testimony supported the conclusion that the victim had engaged in sexual intercourse in the recent past before she conducted her examination.

Defendant contends that the nurse's "evaluation and conclusions were flawed and inconsistent." Hence, he argues, "the defense in this case has sufficiently challenged the credibility and quality of the prior examination by the Commonwealth's expert," and thus the trial court erroneously decided it lacked authority to order the examination. We disagree.

The defendant's motion to require the victim of the rape to submit to a physical examination (the sodomy charge, of course, is not implicated) simply is a discovery effort. However, in Virginia, no authority exists permitting such discovery, and we will not create such authority in this case.

There is no general constitutional right to discovery in a criminal case. Lowe v. Commonwealth, 218 Va. 670, 679, 239 S.E.2d 112, 118 (1977), cert. denied, 435 U.S. 930 (1978). Article 1, § 8 of the Constitution of Virginia provides that an accused in a criminal prosecution has the right "to call for evidence in his favor." We have said that this "unqualified right . . . includes the right to prepare for trial . . . and to

4

ascertain the truth."  Bobo v. Commonwealth, 187 Va. 774, 779, 48 S.E.2d 213, 215 (1948).

However, the exercise of this right is not boundless.  For example, in Bobo this Court held that the accused was entitled to a private interview, outside the presence of the prosecutor, of a witness who was in jail and who was summoned by both the prosecutor and the accused.  Nevertheless, the Court said the decision did not apply to an interview of "a prosecuting witness such as the victim in a rape . . . case."  Id. at 780, 48 S.E.2d at 216.

Furthermore, no statute or rule of court provides for a defense right to compel physical examinations of crime victims. Rule 3A:11 provides for only limited pretrial discovery by the accused in a felony case, and does not authorize the examination sought here, even though our Rule 4:10 permits a physical or mental examination of a party in a civil case.  Indeed, Rule 3A:11(b)(2) expressly prohibits "the discovery or inspection of statements made by Commonwealth witnesses or prospective Commonwealth witnesses to agents of the Commonwealth" and of certain specified "reports, memoranda or other internal Commonwealth documents made by agents in connection with the investigation or prosecution of the case."

Consequently, if an accused in Virginia has no right to interview a rape case victim, and no right to discover

5

statements made by Commonwealth's witnesses to agents of the Commonwealth, and no right to discover certain internal Commonwealth documents, surely the accused should have no right to a physical examination of the victim in a statutory rape case. And we so hold.

Accordingly, the judgment of the Court of Appeals will be

Affirmed.