COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

**PUBLISHED**

STANLEE SEBASTIAN JONES

v.        Record No. 0730-18-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
NOVEMBER 5, 2019

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Joel P. Crowe, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General; David M. Uberman, Assistant Attorney General,
on brief), for appellee.


On December 7, 2017, a grand jury for the Circuit Court of the City of Portsmouth

("circuit court") indicted appellant Stanlee Sebastian Jones ("Jones") for (1) first-degree murder,

in violation of Code § 18.2-32; (2) use of a firearm in the commission of a felony, in violation of

Code § 18.2-53.1; and (3) possession of a firearm after a violent felony conviction, in violation

of Code § 18.2-308.2.  Following a jury trial, on February 6, 2018, Jones was found guilty of

first-degree murder and use of a firearm in the commission of a felony.

On appeal, Jones assigns the following five errors and sub-errors:

> II.  The trial court erred when, after reviewing a video of the
> incident of August 18, 2018, it ruled that the victim, Richardson,
> did not commit an "overt act" sufficient to justify Defendant's
> claim of self-defense.
>
> a.  The trial court erred in usurping the jury's fact-finding function
> by determining that there was no overt act by the victim, despite
> Defendant's proffered testimony that the victim reached to his
> waistband.

b.  The trial court erred in precluding Defendant from testifying as to the actions of the victim on the day of the shooting.

III.  The trial court erred in limiting Defendant's constitutional right to present a comprehensive defense on his own behalf.

a.  The trial court erred in refusing to allow the jury to hear Defendant's properly proffered evidence of Defendant's state of mind on August 18, 2017.

b.  The trial court erred in refusing to allow the jury to hear additional evidence supporting Defendant's theory of self-defense and his state of mind on August 18, 2017.

IV.  The trial court erred in ruling that Richardson's statements were hearsay and were inadmissible because there was no exception to the rule against hearsay that would permit their admission.

V.  The trial court erred in precluding defense counsel from arguing evidence of record during closing argument because during cross examination the Commonwealth elicited a response regarding the defendant's claim of self-defense that the Court did not strike from the evidence or provide a limiting instruction to the jury, but admonished defense counsel from arguing the evidence in closing argument.

VI.  The trial court erred in failing to instruct the jury properly.

a.  The trial court erred in failing to give the jury an instruction regarding self-defense.

b.  The trial court erred in failing to instruct the jury as to the lesser included offense of manslaughter.

## I.  BACKGROUND

On August 18, 2017, Jones accompanied his girlfriend, Tayshana Jones ("Tayshana") to her home after she picked him up from work.  Later, Jones drove Tayshana's Volkswagen to the Essex Food Store in Portsmouth, accompanied by Tayshana and her two children.  He parked directly in front of the store, got out of the car, "stepped out some," and returned to the car. Jones retrieved a gun from underneath the seat of the car.  Then, he pointed the gun at a man sitting on the railing in front of the store and shot the gun repeatedly.  As the victim retreated,

Jones chased him down the street a short distance where the victim collapsed. The victim, later identified as Aljoro Curtis Richardson ("Richardson"), died of a gunshot wound to the torso. The entire homicide was quite clearly captured by two of the store's surveillance cameras, from two different angles. Upon examination of the scene, a forensic technician did not find any weapons in Richardson's clothing or on his person. After police barricades started to be removed, a pocketknife was found approximately four feet from Richardson's left foot.

Before trial, the Commonwealth filed a motion *in limine* to preclude a plea of self-defense and the admission of any character evidence of Richardson. Specifically, the Commonwealth sought to prohibit defense counsel from referring to "any prior aggressive conduct" by the victim or the victim's "character for violence" during opening statement. The Commonwealth also moved to prohibit introduction of such evidence at any time during trial or closing argument unless a proper foundation for self-defense was laid. At the same time, the Commonwealth filed a motion to "preclude presentation of self-serving hearsay by the defendant during the Commonwealth's case-in-chief."

On January 30, 2018, the circuit court conducted a hearing on the Commonwealth's motions. Jones related his intention not to make arguments about his perceived fear during opening statement. In response to the Commonwealth's motion to preclude mention of self-defense throughout the entire case, the circuit court stated that it would "likely not" preclude any mention of self-defense. In response, the Commonwealth asked that the circuit court preclude any mention of "the victim's prior history, prior criminal history, any prior bad acts or . . . prior aggressive conduct" until evidence of self-defense is produced. The circuit court did not rule on any of the Commonwealth's pretrial motions at that time.

The following day, on January 31, 2018, the circuit court conducted a second hearing and viewed the surveillance videos of the killing a second time. The circuit court also listened to a

recording of Jones's statement to police in which Jones stated that Richardson said to Jones, "I should shoot him." Based on the video and statement, the circuit court found, "That by itself does not lay a foundation as far as this Court is concerned for self-defense, there is no overt act." The circuit court further ruled that case law "stand[s] for the proposition that if a proper foundation is laid for self-defense, then the prior acts can come in. But at this point, this Court has not seen anything which would allow a self-defense foundation . . . there has been no overt act." The circuit court clarified that even if the victim made the statement alleged by Jones, "words alone are not sufficient" and "there is no way this Court can make a determination as to whether an overt act took place until the case has been developed." Jones asked that the circuit court "note" that his prior statements about Richardson threatening and shooting him were an exception to hearsay based on Jones's mental state. The circuit court responded,

> Only when the evidence interposes a plea of self-defense and when a proper foundation is laid by proof of some overt act justifying such defense, then the evidence is admissible. . . . [H]aving viewed the video, and open to whatever evidence is adduced by the defense, I don't see an overt act.

The circuit court clarified that it was "not precluding the defense—if you are able to lay a proper foundation for self-defense . . . which includes the overt act, then the Court will deal with the prior acts, including specific acts."

On the second day of trial, the Commonwealth moved to exclude "any statements allegedly made by the victim as they are hearsay." Jones argued that the statements were not being offered for their truth and also that they related to Jones's mental state. The circuit court ruled in favor of the Commonwealth, that the statements were inadmissible. However, the circuit court directed that Jones may testify, the defense may proceed with questioning, and the Commonwealth may object at the appropriate time. The circuit court allowed defense counsel to

ask questions about Richardson's statements, but advised Jones not to answer the questions until the court ruled.

During direct examination before the jury, Jones testified that once he pulled up to the Essex Food Store and proceeded out of the car, "a gentleman makes a statement toward me." The Commonwealth objected, and the jury was excused. Jones proffered that Richardson threatened, "That nigger right there, I should shoot him." Jones also proffered that Richardson contemporaneously reached toward his waistband "like he's about to grab something." Jones testified that he thought Richardson was reaching for a gun because Richardson had on one occasion attempted to shoot him and had actually shot him on another occasion.[1] The Commonwealth objected, and the circuit court sustained the objection.

Jones further proffered that two days after Richardson shot Jones's friend, Richardson threatened Jones. Jones also proffered two additional incidents in which Richardson threatened him. Jones again proffered that on the day of the killing, Richardson stated, "That motherfucker right there, going to shoot him" while Richardson reached into his waistband. Jones related that he feared for his life and for his family's lives. At the end of the proffer, the Commonwealth objected to all of Jones's testimony, and the circuit court excluded the testimony. The court found,

> In this particular instance, the jury has seen the video. I'm making a ruling I don't think that's even reasonable, the gentleman's explanation. I'm not going to allow it. I agree with the Commonwealth. I'm going to sustain the motion that he may not say anything about what the deceased said also.

---

[1] Jones testified that, at the time he did not know the name of the man who shot him in 2016 but later learned that it was Richardson. He proffered that the hospital records would corroborate that Jones had been shot in the leg and that he told Detective Northern that Richardson had shot him. Jones further testified that he was present when Richardson shot a man named Emmanuel Holly. Jones believed that he was Richardson's intended victim. Jones also testified to statements made by Richardson on two other occasions that "I need to see you" and "I got something for you" that Jones perceived as threats.

The Commonwealth then moved to preclude Jones from testifying that Richardson reached for his waistband. The circuit court ruled, "He may testify as to what he saw. I'm not ruling that he can't say what he saw. I'm ruling that's not an overt act based on case law." Jones then resumed his testimony before the jury. Jones testified that when he saw Richardson, Jones recognized Richardson. Upon exiting the car, Jones saw Richardson "reaching for his waistband." As a result, Jones testified that he went back into the car, got his gun, and shot Richardson because he was scared.

During cross-examination, the Commonwealth asked Jones whether he was scared when he saw Richardson, to which Jones replied, "Yes. He already had shot me, and I was attempted to be shot [sic] once before." Outside the hearing of the jury, the Commonwealth moved to preclude the defendant from using the statement during closing argument and asked that the statement be stricken, but the prosecutor specifically requested that no cautionary instruction be given. The circuit court ordered the statement stricken and excluded from Jones's closing argument because it came in over the circuit court's prior ruling. As requested by the prosecutor, the circuit court did not provide any cautionary instruction to the jury.

After Jones testified, the defense sought to offer evidence of Richardson's "prior bad acts and reputation," arguing that Jones's testimony established the requisite overt act for self-defense. The circuit court denied the motion but agreed to allow Jones to proffer the evidence. In denying the motion, the circuit court found,

> What we have in this particular case is no overt act. Assuming the deceased said something that the defendant found to be threatening, that in and of itself isn't sufficient. No reasonable mind can differ, is what the Court has already ruled in reviewing the video. . . . As the defendant pulls in, you can see the cell phone to [Richardson's] ear. . . . During the entire incident, you can see his hands. Reasonable minds could not differ is the basis for the Court's ruling that there was no foundation laid with an overt act.

- 6 -

The circuit court refused Jones's proffered instructions A through D regarding malice, heat of passion, manslaughter, and self-defense. The circuit court instructed the jury on first-degree and second-degree murder. The jury found Jones guilty of first-degree murder and use of a firearm in the commission of a felony. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

This Court reviews the circuit court's decisions regarding the admissibility of evidence for abuse of discretion. See Blankenship v. Commonwealth, 69 Va. App. 692, 697 (2019). A discretionary decision in which "the court has a range of choice" will not be reversed "as long as it stays within that range and is not influenced by any mistake of law." Lawlor v. Commonwealth, 285 Va. 187, 212-13 (2013) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352 (2011)).

### B. Trial Court's Ruling Regarding Evidence of an Overt Act

First, Jones argues that the circuit court erred in finding there was no overt act sufficient to justify a self-defense claim. "Self-defense is an affirmative defense to a charge of murder, and in making such a plea, a 'defendant implicitly admits the killing was intentional and assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of the jurors.'" Commonwealth v. Sands, 262 Va. 724, 729 (2001) (quoting McGhee v. Commonwealth, 219 Va. 560, 562 (1978)). In order to establish self-defense, a defendant must show that he or she "reasonably believed that [he or] she was in danger of serious bodily harm or death." Id. at 730. A defendant must also demonstrate "that he was in imminent danger of harm" by showing "an overt act or other circumstance that affords an immediate threat to safety." Carter v. Commonwealth, 293 Va. 537, 544 (2017) (quoting Hines v. Commonwealth, 292 Va. 674, 679 (2016)). An overt act is an act suggesting present danger which "afford[s] a

reasonable ground for believing there is a design . . . to do some serious bodily harm, and imminent danger of carrying such design into immediate execution." Sands, 262 Va. at 729 (quoting Byrd v. Commonwealth, 89 Va. 536, 539 (1893)). "[B]are fear that a person intends to inflict serious bodily injury on the accused, however well-grounded," is insufficient without an overt act. Yarborough v. Commonwealth, 217 Va. 971, 975 (1977).

In this case, the prosecutor sought a pretrial ruling to restrict Jones's ability to present a defense of self-defense, and the circuit court, while concluding that the evidence presented by the Commonwealth did not show any overt act that would support self-defense, quite properly ruled that it was premature to decide the issue pending the opportunity at trial for Jones to lay a proper foundation in support of self-defense. Ultimately, after the defense rested, the circuit court ruled as a matter of law that there was no evidence of any overt act sufficient for self-defense. The circuit court found that neither the surveillance videos of the incident nor Jones's claim that Richardson threatened to shoot Jones and reached toward his waistband established a sufficient foundation for self-defense because even if believed, as a matter of law they would not constitute an overt act on the part of Richardson that would reasonably give rise to a fear of death or bodily injury.

The record in this case clearly supports the circuit court's ruling. Nothing in the video or Richardson's words sufficiently even minimally established the overt act requirement. The surveillance video shows that Richardson was entirely focused on looking at his cell phone until he was shot. The video fails to show any action on the part of Richardson that would reasonably place someone in fear, such as the brandishing of a weapon. Consistent with the circuit court's ruling, the video clearly indicates that Richardson never reached toward his waistband, and it appears from the video that Richardson was not even aware of Jones's presence until Jones

- 8 -

opened fire on him. Although the video did not record any sounds, even if Richardson had stated that he "should shoot" Jones, these words do not create an imminent danger that he would do so.

Jones also argues that the circuit court invaded the province of the jury by finding that Richardson's reaching toward his waistband was not an overt act. However, the circuit court's ruling was on a matter of law, stating, "I'm ruling that's not an overt act based on case law." Thus, the circuit court did not invade the province of the jury. Jones was permitted to testify to the jury that he was afraid of Richardson and saw him reach toward his waistband. The circuit court's ruling was simply that even if Richardson had reached into his waistband, it would not be an overt act as a matter of law because such action is not one of force or threat. Reaching toward one's waistband does not necessarily suggest present danger. Jones makes no allegation that Richardson was approaching him in a menacing fashion or doing anything besides reaching toward his waistband. For these reasons, the circuit court did not err in ruling that there was no evidence of an overt act supporting self-defense as a matter of law.

Finally, as a subpart of assignment of error II, Jones argues that the circuit court erred in precluding him from testifying as to the actions of the victim on the day of the shooting. This argument is misguided. The circuit court actually ruled that Jones *could* testify to what he saw on the day of the shooting, and Jones testified before the jury that he was in fear because of Richardson's statement and because he saw Richardson reaching toward his waistband.

C. Appellant's Constitutional Right to Present a Defense—State of Mind Evidence

"[W]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a de novo standard of review." Henderson v. Commonwealth, 285 Va. 318, 329 (2013).

Under this assignment of error, Jones argues that Richardson's statements on the day of the killing and Richardson's prior bad acts should have been admitted to show the

reasonableness of Jones's fear or lack of malice. Evidence is relevant if it has "any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." Va. R. Evid. 2:401. Generally, "[a]ll relevant evidence is admissible" unless provided otherwise by other rules. Va. R. Evid. 2:402. "The scope of relevant evidence in Virginia is quite broad, as '[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant.'" Commonwealth v. Proffitt, 292 Va. 626, 634 (2016) (alteration in original) (quoting Virginia Elec. & Power Co. v. Dungee, 258 Va. 235, 260 (1999)). Although character evidence of the victim is generally not admissible to show conduct in conformity with that trait on a particular occasion, "evidence of a pertinent character trait or acts of violence by the victim of the crime [may be] offered by an accused who has adduced evidence of self-defense." Va. R. Evid. 2:404. Evidence of prior violence "is admissible only when the defendant has interposed a plea of self-defense . . . and when a proper foundation is laid by proof of some overt act justifying such defense." Burford v. Commonwealth, 179 Va. 752, 767 (1942).

We need not decide whether the failure to admit this evidence was error because Jones never laid a sufficient foundation for self-defense. Jones never presented more than a scintilla of evidence of an overt act reasonably likely to cause fear. Merely reaching toward one's waistband is insufficient as a matter of law.

Jones also argues that the circuit court's failure to admit the evidence violates his rights under the Virginia Constitution and the Due Process Clause of the United States Constitution. "Because the due process protections afforded under the Constitution of Virginia are co-extensive with those of the federal constitution, the same analysis will apply to both." Shivaee v. Commonwealth, 270 Va. 112, 119 (2005). "[I]n criminal prosecutions a man hath a right . . . to call for evidence in his favor." Va. Const. art. I, § 8. This provision has been

interpreted to include "the right to prepare for trial . . . and ascertain the truth." Clark v.

Commonwealth, 262 Va. 517, 520 (2001) (quoting Bobo v. Commonwealth, 187 Va. 774, 779

(1948)).  The right, however, is "not boundless."  Id.

Under the United States Constitution, the procedural due process standard set forth in

Medina v. California, 505 U.S. 437 (1992), controls "'the validity of state procedural rules' that

'are part of the criminal process.'"  Nelson v. Colorado, 137 S. Ct. 1249, 1255 (2017) (quoting

Medina, 505 U.S. at 443).  "Such rules concern . . . the allocation of burdens of proof and the

type of evidence qualifying as admissible."  Id.  Under Medina, state criminal procedure rules

will not be struck down in violation of due process unless they violate Bill of Rights protections

or guarantees of "fundamental fairness."  See Medina, 505 U.S. at 443, 445-46.

Here, Jones does not allege that the exclusion of evidence violated his rights under the

Bill of Rights.  Additionally, nothing in the record shows that Jones was denied a fundamental

right.  Jones was permitted to present evidence in his favor, including testimony that he was

afraid of Richardson.  Evidence of Jones's "state of mind" is still subject to the Virginia Rules of

Evidence.  See Clark v. Arizona, 548 U.S. 735, 769-70 (2006) (recognizing that relevant

evidence may not always be admissible despite due process protections).  For these reasons,

there was no due process violation on the part of the circuit court.

D.  Admissibility of Hearsay

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound

discretion and will not be disturbed on appeal absent an abuse of discretion.'"  Blankenship v.

Commonwealth, 69 Va. App. 692, 697 (2019) (quoting Michels v. Commonwealth, 47 Va. App.

461, 465 (2006)).

Under assignment of error IV, Jones argues that Richardson's statement should not have

been excluded as hearsay.  Hearsay is an out-of-court statement "offered in evidence to prove the

truth of the matter asserted." Va. R. Evid. 2:801(c). Here, the Commonwealth concedes that Richardson's statement should not have been classified as hearsay, because the statement was not offered for its truth. Instead, the Commonwealth urges this Court to adopt the right-result-different-reason doctrine and find the statement irrelevant.

In a self-defense case, the victim's threats against a defendant are relevant to show that the victim was the initial aggressor. See Riddick v. Commonwealth, 186 Va. 100, 103 (1947). The victim's threats may also be considered to show whether the defendant had "a reasonable ground to apprehend that the deceased intended" to inflict serious bodily harm upon the defendant. Lewis v. Commonwealth, 78 Va. 732, 734-36 (1884).

Here, Richardson's statement was relevant to Jones's claim of self-defense. If believed, Richardson's statement increased the likelihood that Jones's fear was reasonable. The statement was not offered to show that Richardson was going to kill Jones, the truth of the matter, but merely for its effect on the listener, Jones. Therefore, the circuit court erred in finding that the statement was hearsay.

However, evidentiary errors are subject to non-constitutional harmless error review. See Salahuddin v. Commonwealth, 67 Va. App. 190, 211-12 (2017). "Non-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Id. at 212 (quoting Code § 8.01-678). This Court will not reverse "evidentiary errors that were harmless to the ultimate result." Shifflett v. Commonwealth, 289 Va. 10, 12 (2015).

Here, Jones never laid a proper foundation for self-defense. As a matter of law, even if Richardson's statements were admitted and believed, Jones nevertheless failed to establish the requisite overt act needed for self-defense. Admission of Richardson's statement would not have

affected the outcome of the case. Therefore, the failure to admit Richardson's statement was harmless.

### E. Preclusion of Argument Regarding Evidence in the Record

"A trial court has broad discretion in the supervision of opening statements and closing argument." O'Dell v. Commonwealth, 234 Va. 672, 703 (1988). This Court will not reverse the circuit court's ruling "unless it affirmatively appears that such discretion has been abused and that the rights of the complaining litigant have been prejudiced." Canipe v. Commonwealth, 25 Va. App. 629, 639 (1997) (quoting Cohen v. Power, 183 Va. 258, 262 (1944)). Although a party's counsel has broad discretion in closing argument, "counsel may not argue as evidence in the case matters that do not appear in the record." Graham v. Cook, 278 Va. 233, 249 (2009). Conversely, a party is entitled to argue the merits of any and all evidence that is in the record that a jury may consider. See id. at 250 ("[T]he purpose of closing argument is to draw the jury's attention to the body of evidence that has been admitted into the record and to argue reasonable inferences that may be drawn from that evidence.").

A jury is presumed to follow a cautionary instruction to disregard evidence, see Harris v. Commonwealth, 19 Va. App. 518, 521 (1995), and it would be improper for counsel to argue facts that a jury has been instructed to ignore. However, in the absence of such instruction, the jury weighs all evidence before it. See Reed v. Church, 175 Va. 284, 295 (1940) (explaining that the jury must "weigh the probabilities" and "reach a verdict based on *all the evidence*" (emphasis added)). Further, it is presumed that juries follow jury instructions. See Davidson v. Commonwealth, 69 Va. App. 321, 331 (2018).

In this case, the circuit court specifically instructed the jury to consider all the evidence presented. Consistent with Virginia Model Jury Instruction No. 2.020, the circuit court stated, "[H]owever, after you've considered *all of the evidence in the case*, then you may accept or

discard all or part of the testimony of a witness as you think proper." (Emphasis added.) The Commonwealth argues that because the circuit court clearly ruled that Jones's statement was inadmissible, the statement could not be considered by the jury. However, by acceding to the Commonwealth's request to restrict the evidence Jones's counsel could address in closing argument but not to likewise limit the evidence the jury could properly consider, the circuit court prevented Jones from addressing evidence the jury was instructed that they could consider. This was error. Jones's statement was before the jury, and pursuant to the attorney for the Commonwealth's request, no limiting instruction was given. Therefore, Jones's statement was part of the evidence the jury was instructed that it could properly consider. By not allowing Jones to argue in reference to evidence that the jury could properly consider, the circuit court abused its discretion. However, for the reasons set forth above, the error was harmless because Jones never established an overt act entitling him to a self-defense instruction.

## F. Failing to Properly Instruct the Jury

"As a general rule, the matter of granting and denying instructions does rest in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381 (2009). On appeal, this Court's "sole responsibility . . . is to see that the law has been clearly stated and that the instructions cover all the issues which the evidence fairly raises." Id. (quoting Molina v. Commonwealth, 272 Va. 666, 671 (2006)). When reviewing the circuit court's refusal to grant the defendant's proffered instruction, this Court "view[s] the facts in the light most favorable to the defendant." Avent v. Commonwealth, 279 Va. 175, 202 (2010) (quoting Sands, 262 Va. at 729). "If the instruction is not applicable to the facts and circumstances of the case, it should not be given. Thus, it is not error to refuse an instruction when there is no evidence to support it." Sands, 262 Va. at 729 (citations omitted). "[E]ven if jury instructions contain accurate statements of law, a trial court does not abuse its discretion by refusing the instruction if it 'is not

- 14 -

applicable to the facts and circumstances of the case,' or if it 'would have created confusion and would have been misleading.'" Juniper v. Commonwealth, 271 Va. 362, 431 (2006) (first quoting Hatcher v. Commonwealth, 218 Va. 811, 813-14 (1978); then quoting Hubbard v. Commonwealth, 243 Va. 1, 15 (1992)). Neither is there an abuse of discretion "by refusing a relevant instruction if 'the granted instructions fully and fairly cover' the same legal principle." Id. (quoting Stockton v. Commonwealth, 227 Va. 124, 145 (1984)). The proponent's jury instructions must be supported by "more than a scintilla of credible evidence." Woods v. Commonwealth, 66 Va. App. 123, 130 (2016). Whether there is more than a mere scintilla of evidence is determined on a case-by-case basis. See Brandau v. Commonwealth, 16 Va. App. 408, 412 (1993).

For the sole purpose of determining whether Jones's testimony, standing alone, constitutes more than a scintilla of evidence to support a self-defense instruction, we assume that Jones was in fear of Richardson because of their past contacts. However, that does not end the analysis.

Jones argues that he was entitled to instructions on self-defense and voluntary manslaughter. "Virginia law recognizes two forms of self-defense to criminal acts of violence: self-defense without fault ('justifiable self-defense') and self-defense with fault ('excusable self-defense')." Bell v. Commonwealth, 66 Va. App. 479, 487 (2016). "Justifiable homicide in self-defense occurs where a person, without any fault on his part in provoking or bringing on the difficulty, kills another under reasonable apprehension of death or great bodily harm to himself." Id. (quoting Bailey v. Commonwealth, 200 Va. 92, 96 (1958)). "If an accused 'is even slightly at fault' in creating the difficulty leading to the necessity to kill, 'the killing is not justifiable.'" Smith v. Commonwealth, 17 Va. App. 68, 71 (1993) (quoting Perricllia v. Commonwealth, 229 Va. 85, 94 (1985)). "Any form of conduct by the accused from which the fact finder may

- 15 -

reasonably infer that the accused contributed to the affray constitutes 'fault.'" Id. (quoting Bell

v. Commonwealth, 2 Va. App. 48, 58 (1986)).

> Excusable homicide in self-defense occurs where the accused,
> although in some fault in the first instance in provoking or bringing
> on the difficulty, when attacked *retreats as far as possible,*
> *announces his desire for peace, and kills his adversary from a*
> *reasonably apparent necessity to preserve his own life or save*
> *himself from great bodily harm*.

Avent, 279 Va. at 200 (emphasis added) (quoting Yarborough, 217 Va. at 975).

As discussed above even in the light most favorable to Jones, the mere act of reaching

toward a waistband even when coupled with the speculative fear that the reach may be for a

weapon, is not sufficient as a matter of law to constitute an overt act that justifies the preemptive

use of deadly force. Thus, the lack of any legally cognizable overt act on Richardson's part

precludes any excusable self-defense instruction. Moreover, Jones's conduct also precludes an

excusable self-defense instruction. In viewing the facts in the light most favorable to Jones, fear

of Richardson coupled with Jones's believing he saw Richardson reaching toward Richardson's

waistband led Jones to return to the vehicle to arm himself even though no weapon was

displayed or otherwise visible at the time Jones fired multiple shots at Richardson. Thus, Jones

provoked the difficulty and had a duty to retreat. Because Jones failed to retreat, he was not

entitled to an excusable self-defense instruction for that reason as well.

Likewise, neither was Jones's testimony, in the light most favorable to him, enough for

an instruction under the doctrine of justifiable self-defense. Jones's testimony, even if believed,

does not establish the elements of justifiable self-defense. Jones testified that he was afraid and

that he saw Richardson reaching for his waistband. Even ignoring the fact that the surveillance

video clearly contradicts Jones's testimony that Richardson did so, Jones's testimony to the

contrary alone does not constitute "more than a scintilla of evidence" that would support an

instruction. As discussed above, Jones's testimony concedes that no weapon was displayed by

Richardson or otherwise visible and the law of self-defense does not permit a preemptive strike based upon supposition or speculation. Jones's testimony did not establish a legally sufficient overt act such as to reasonably indicate that Jones was in imminent danger of death or bodily harm at the point in time that he used deadly force on Richardson. Because the record does not contain more than a mere scintilla of evidence to support a self-defense instruction, the circuit court did not err in refusing one.

Jones also argues that he was entitled to a voluntary manslaughter instruction because the jury heard evidence that Jones was afraid for his life. Manslaughter is the "unlawful killing" of another person "without malice." Canipe, 25 Va. App. at 642. "To reduce a homicide from murder to voluntary manslaughter, the killing must have been done in the heat of passion and upon reasonable provocation." Id. at 643 (quoting Barrett v. Commonwealth, 231 Va. 102, 105-06 (1986)). In order to be "in the heat of passion," the evidence must show both "reasonable provocation" and "passion" occurring simultaneously. Id. Words alone are never sufficient reasonable provocation. See id.

Here, the record does not contain more than a scintilla of evidence of heat of passion or reasonable provocation warranting a manslaughter instruction. Jones presented evidence that he acted out of fear but fear alone is insufficient to show heat of passion. As a matter of law, even if Richardson had reached toward his waistband and threatened Jones, these circumstances would not amount to heat of passion or reasonable provocation. For these reasons, the circuit court did not err in refusing a manslaughter instruction.

For all of these reasons, the judgment of the circuit court is affirmed.

Affirmed.